**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SHANNON KATHLINA GRIMM, <br><br> Defendant - Appellant. | No. 12-30312 <br><br> D.C. No. 1:11-cr-00063-RFC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Shannon Kathlina Grimm appeals from the district court's judgment and challenges the 51-month sentence imposed following her guilty-plea conviction for wire fraud, in violation of 18 U.S.C. § 1343; and making false claims, in violation of 18 U.S.C. § 287. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Grimm contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) for use of sophisticated means. The record reflects that Grimm researched the identities of deceased taxpayers in commercial databases and newspapers, paid co-conspirators for the names of deceased taxpayers, structured the returns to maximize the refund amounts, forged the signatures of the purported filers, and deposited refund checks in the bank accounts of third parties to conceal her fraud. Under these circumstances, the district court did not clearly err by finding that Grimm's crimes involved sophisticated means. *See* U.S.S.G. § 2B1.1 cmt. n.8(B) ("'[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense . . . . Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts . . . ordinarily indicates sophisticated means."); *United States v. Montano*, 250 F.3d 709, 712 (9th Cir. 2001) (stating standard of review). Moreover, the record belies Grimm's contention that the district court relied on disputed facts in imposing the enhancement.

Grimm also contends that her sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Grimm's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Grimm's within-Guidelines sentence is

2

substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of her offenses and her prior criminal history. *See id.*

**AFFIRMED.**